Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN KERN,** individually and on behalf of all others similarly situated, *Plaintiff,* v. **SASHA RAHBAN**, a California resident, *Defendant.* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Steven Kern ("Plaintiff Kern" or "Kern") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sasha Rahban ("Defendant" or "Rahban") to stop Rahban from violating the Telephone Consumer Protection Act ("TCPA"). These calls by Rahban were placed to consumers using a pre-recorded voice message without the consumers' prior written consent to receive such calls. As a result,

Plaintiff seeks to obtain injunctive and monetary relief for all persons injured by Rahban's telemarketing calls. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Steven Kern is a resident of Los Angeles, California.

2. Defendant Sasha Rahban is a realtor located in Los Angeles, California. Defendant places calls into and from this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and the wrongful conduct of calling the Plaintiff was directed to and received by Plaintiff in this District on Plaintiff's California area code cell phone number.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in

their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2024 alone, at a rate of 146.9 million per day. www.robocallindex.com (last visited May 12, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## **COMMON ALLEGATIONS**

13. Defendant Sasha Rahban is a realtor.

14. Rahban places unsolicited telemarketing calls to consumers to generate business for his real estate business.

15. Rahban places calls using pre-recorded voice messages, as per Plaintiff's experience.

16. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-4-

lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

17. Yet in violation of this rule, Defendant Rahban fails to obtain any express written consent prior to placing pre-recorded voice calls to cellular telephone numbers such as the Plaintiff's cell phone number.

**PLAINTIFF KERN'S ALLEGATIONS**

18. Plaintiff Kern is the sole user of his cell phone number ending in 4002.

19. On April 26, 2024 at 5:43 PM, Plaintiff Kern received an unsolicited call to his cell phone on behalf of Rahban.

20. This call was not answered, but a pre-recorded voicemail as left stating:



+1 (424) 382-0271
Beverly Hills, CA
April 26, 2024 at 5:43 PM

0:00  −0:38

**Transcription**
"Hello there good afternoon. This is Nikita from the Altman brothers team one of the most real estate companies in the US. I'm going to inquire if you have any plans to sell your home in the near future we currently have several inquiries from potential bars interested in properties in your neighborhood as we said we reach out to see if you might be considering a sale if something matched your situation please contact +1-310-963-9680. Thank you and have a good Day...."[3]

---
[3] https://www.dropbox.com/scl/fi/3c5pmynqeqk6hgpsf3ipb/voicemail-12945224000.m4a?rlkey=op1ylkuw3dyqyaau425glfpr0&dl=0

CLASS ACTION COMPLAINT
-5-

21. Plaintiff Kern believes this call was pre-recorded because it is generic in nature, mentioning nothing about the Plaintiff or his property, and because it sounds scripted.

22. The voicemail directs the caller to call 310-963-9680, which is the phone number for Defendant Sasha Rahban:

[4]

23. Plaintiff Kern never consented to receiving solicitation calls from Defendant Rahban.

24. In fact, Plaintiff Kern has never provided his cell phone number to any Douglas Elliman real estate agent.

25. Plaintiff was not looking to sell his home and was not looking to purchase any new properties.

26. The unauthorized voicemail made by or on behalf of the Defendant, as alleged herein, have harmed Plaintiff Kern in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition

---

[4] https://www.sasharahban.com/

to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Kern, on behalf of himself and a Class of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Kern brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant or an agent on Defendant's behalf called on their cellular telephone number (2) using an artificial or pre-recorded voice.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Kern anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Kern and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

   (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff Kern will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Kern has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Kern and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Kern nor his counsel have any interests adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Kern and the Pre-recorded No Consent Class)**

34. Plaintiff Kern repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. Defendant transmitted unwanted telephone calls to Plaintiff Kern and

the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

36. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

37. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kern, individually and on behalf of the Class, prays for the following relief:

    a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Kern as the representative of the Class; and appointing his attorneys as Class Counsel;

    b. An award of actual and/or statutory damages and costs;

    c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Kern requests a jury trial.

**STEVEN KERN**, individually and on behalf of those similarly situated individuals.

Dated this 21st day of May, 2024

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*